Dennis David **MCCULLEY,**
Plaintiff–Appellant,

v.

**CITY OF TUCSON; et al.,**
Defendants–Appellees.

No. 06–15295.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 21, 2006 *.

Filed Jan. 10, 2007.

Dennis David McCulley, Gretna, NE, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Daryl A. Audilett, Esq., Kimble Nelson & Audilett, PC, Tucson, AZ, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

### MEMORANDUM **

Dennis David McCulley appeals pro se from the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging police officers violated his constitutional rights in responding to 911 calls McCulley placed. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

■ The district court properly granted summary judgment on McCulley's claim that defendant officers violated the Fourth Amendment in searching his home without a warrant because it was objectively reasonable under the circumstances presented here for an officer to enter McCulley's home to provide him emergency assistance or to protect him from imminent injury. *See Brigham City, Utah v. Stuart,* —— U.S. ——, 126 S.Ct. 1943, 1947–48, 164 L.Ed.2d 650 (2006).

■ The district court also properly granted summary judgment on McCulley's claim that defendants falsely arrested and imprisoned him, because the evidence shows the officers had probable cause to believe that McCulley posed a threat of serious harm to the officers and others. *See Monroe v. City of Phoenix,* 248 F.3d 851, 861 (9th Cir.2001). Accordingly, McCulley's false arrest and imprisonment claim fails. *See Cabrera v. City of Hunt-*ington Park, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam) ("To prevail on his section 1983 claim for false arrest ... [the plaintiff] would have to demonstrate that there was no probable cause to arrest him.").

Contrary to McCulley's contention, the district court properly construed the scope of this court's remand order set out in its February 12, 2004 memorandum disposition.

■ The district court did not abuse its discretion in denying McCulley's motion to amend his complaint after several years of litigation, because amendment would have caused undue prejudice and delay. *See Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 986 (9th Cir. 1999).

McCulley's remaining contentions lack merit.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.